Case 4:21-cv-03740   Document 32   Filed on 03/07/23 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
March 07, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RAVEN LILLIE, § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:21-CV-3740 |
| § | |
| § | |
| HECTOR AARON RUIZ, *et al.*, § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is a Motion to Dismiss filed by Defendant City of Arcola, Texas ("the City") (Dkt. 26). Having carefully reviewed the motion, response, reply and applicable law, the motion is **GRANTED IN PART AND DENIED IN PART**.

### FACTUAL BACKGROUND

For purposes of the Court's consideration of the pending motion, the following facts alleged in Plaintiff Raven Lillie's amended complaint are taken as true. (Dkt. 25). In November 2019, Lillie was pulled over by Hector Ruiz, who at the time was employed as an Arcola Police Officer. Lillie had been drinking earlier in the evening and was worried she would be cited for driving while intoxicated.

1

Ruiz instructed Lillie to follow him to a secluded area, where, under threat of arrest, he sexually assaulted her. Ruiz is currently facing federal criminal charges for the alleged assault against Lillie and Maria Miramontes, a fellow resident of Arcola who, after learning about Lillie's allegations, reported a similar assault by Ruiz that allegedly occurred months earlier.[1]

Lillie filed the present action in federal court, alleging that:

- Ruiz, the City, and Arcola Police Chief Michael Ellison are liable under 42 U.S.C. 1983 for violating her Fourth and Fourteenth Amendment rights;

- the City is liable under the Texas Tort Claims Act ("TTCA") for the acts of sexual assault, battery, and false imprisonment committed by Ruiz.

In the pending motion, the City argues that it is entitled to the dismissal of Lillie's claims because Lillie has failed to allege sufficient facts to establish liability against the City under Section 1983 and the TTCA. The Court considers these arguments below.

## LEGAL STANDARD

**Federal Rule of Civil Procedure 12(b)(6)**

Under Rule 8 of the Federal Rules of Civil Procedure, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A Rule 12(b)(6) motion tests the formal sufficiency of the

---

[1] Southern District of Texas criminal case number 20-0582.

2

pleadings and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The court must accept the factual allegations of the complaint as true, view them in a light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. *Id*.

To defeat a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; accord *Iqbal*, 556 U.S. at 678 (noting that "[d]etermining whether a complaint states a plausible claim for relief will…be a context-specific task that requires the reviewing court to

3

draw on its judicial experience and common sense"). In conducting this analysis, the Court does not consider legal conclusions as true, and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

**I.        The City is entitled to dismissal of Lillie's claims under the TTCA.**

Lillie argues that the City is liable under the TTCA for the sexual assault, battery and false imprisonment committed by Ruiz. (Dkt. 25 at 28-29). In response, the City argues that the TTCA precludes claims arising out of intentional torts. (Dkt. 26 at 21). The Court agrees with the City that the intentional tort claims brought against the City are not cognizable under the TTCA.

The TTCA provides a limited waiver of sovereign immunity for personal injury or death caused by the use of a vehicle or tangible personal property "if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." Tex. Civ. Prac. & Rem. Code § 101.021(2). However, the TTCA expressly exempts from such waiver any claim "arising out of assault, battery, false imprisonment, or any other intentional tort ...." *Id*. at § 101.057(2). Stated succinctly, to sue a governmental unit under the TTCA's limited sovereign immunity waiver, a plaintiff must allege an injury caused by the negligent use of a vehicle or tangible personal property.

While the Court acknowledges that Lillie wishes to expand the scope of the TTCA to encompass intentional torts involving the use of vehicles (Dkt. 25 at 29 n.3), the Court is bound by the text of the statute. Thus, the City's motion to dismiss Lillie's claims under the TTCA is GRANTED.

**II.     Lillie's claims against the City under Section 1983 survive.**

The City also argues that Lillie's Section 1983 constitutional claims against the City fail to meet the Rule 12(b)(6) pleading standard. The Court disagrees.

Lillie alleges that the City violated her constitutional rights in four ways, by:

> "(1) foster[ing] a custom, culture, and practice of sexually inappropriate behavior, including harassment and assault, among its officers[,] as well as a custom, culture, and practice of failing to use and appropriately use available vehicle and body-worn cameras;
>
> (2) [] lack[ing] a policy (or, alternatively, [having an] unconstitutionally vague or insufficient policy) with respect to safety protocols that [] protect women from officers with a known history of sexually inappropriate conduct, including harassment and assault [];
>
> (3) [] lack[ing] a policy and lack[ing] training with respect to the proper use of its vehicle and body-worn camera systems, despite direct knowledge and acknowledgement of a need for such policy and training; and
>
> (4) [] systematic lack[ing] appropriate supervision in the form of appropriate camera policies, training, and use among its officers despite knowledge of a need for camera policies and training."

(Dkt. 25 at 20-21). Critically, Lillie supports each of these allegations with specific, relevant facts—a sufficient number of facts to survive a motion to dismiss. (Dkt. 25 at 23-25).

The Court finds that Lillie's constitutional claims against the City are cognizable under Section 1983. Thus, the City's motion to dismiss those claims is DENIED without prejudice to being later re-urged as a motion for summary judgment.

## CONCLUSION

For the reasons stated above, the City's Motion to Dismiss (Dkt. 26) is **GRANTED IN PART AND DENIED IN PART**.

SIGNED at Houston, Texas on March 7, 2023.

*George C. Hanks Jr.*
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE