United States District Court
Southern District of Texas
**ENTERED**
March 16, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

RAVEN LILLIE,           §
    Plaintiff,          §
                            §
VS.                     §   CIVIL ACTION NO. 4:21-CV-03740
                            §
HECTOR AARON RUIZ, *et al.*,  §
    Defendants.         §

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant City of Arcola's Motion for Summary Judgment (Dkt. 63). After careful consideration of the briefing, the record, and the applicable law, the Court **GRANTS** the Motion (Dkt. 63).

## I.    FACTUAL BACKGROUND

This matter arises out of the criminal sexual assault inflicted upon Plaintiff Raven Lillie ("Lillie") by Police Officer Hector Aaron Ruiz ("Ruiz"). (Dkt. 63 at p. 9). In short, Ruiz conducted a traffic stop in which he threatened to take Lillie to jail if she did not follow him into an abandoned area. (*Id*. at p. 10). Once in said area, Ruiz forced Lillie to perform a sex act on him. *Id*. Later that same day, Lillie filed a report alleging she had been sexually assaulted by Ruiz. *Id*. She now brings claims under section 1983 for violations of her Fourth and Fourteenth Amendment rights against Defendant City of Arcola ("the City"). *See* (Dkt. 25).

1 / 7

## II.    PROCEDURAL HISTORY

Lillie initially asserted claims against the City for sexual assault, battery, and false imprisonment—in addition to her claims for violations of her constitutional rights. (Dkt. 25). The Court thereafter granted in part and denied in part a Motion to Dismiss filed by the City. (Dkt. 32). As such, only Lillie's claims under section 1983 remain. *Id.*

The City originally filed its Motion for Summary Judgment on July 3, 2025, requesting that the Court dismiss Lillie's section 1983 claims. (Dkt. 63). Lillie thereafter filed a Motion for Continuance to Conduct Discovery, and the Court held a hearing on the motion. (Dkts. 64, 75). Lillie also filed a response to the City's Motion for Summary Judgment in the interim, on August 25, 2025. (Dkt. 66). The Court ultimately granted Lillie's request and extended the parties' discovery deadline to October 14, 2025. (Dkt. 75). Lillie filed a supplement to her response on September 5, 2025. (Dkt. 71). The City was also granted an extension of time to reply to Lillie's response and timely did so on September 9, 2025. (Dkts. 70, 72).

As such, all of the briefing currently before the Court was filed prior to the amended discovery deadline of October 14, 2025. *See* (Dkts. 63, 66, 71, 72). However, Lillie did not seek any additional discovery despite receiving the extension. (Dkt. 78 at p. 1). As such, the City's summary judgment motion and the subsequent briefing is ripe for ruling as filed. *See id*.

### III.    LEGAL STANDARDS AND APPLICABLE LAW

### A.    Summary Judgment

Federal Rule of Civil Procedure 56 provides that summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A fact is material if it might affect the outcome of the suit, and a factual dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Miranda v. Navistar, Inc.*, 23 F.4th 500, 503 (5th Cir. 2022). To survive summary judgment, the nonmovant must "present competent summary judgment evidence to support the essential elements of its claim." *Cephus v. Tex. Health & Hum. Servs. Comm'n*, 146 F. Supp. 3d 818, 826 (S.D. Tex. 2015).

### B.    42 U.S.C. § 1983

Section 1983 provides a private right of action for the deprivation of rights, privileges, and immunities secured by the Constitution or laws of the United States. Section 1983 reads in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v.*

*Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 (1979)).

To establish section 1983 liability, Lillie must prove that she suffered "(1) a deprivation of a right secured by federal law (2) that occurred under color of state law, and (3) was caused by a state actor." *Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004) (citing *Bush v. Viterna*, 795 F.2d 1203, 1209 (5th Cir. 1986)). Lillie must also show that the constitutional or statutory deprivation she suffered was intentional or due to deliberate indifference and not the result of mere negligence. *See Gobert v. Caldwell*, 463 F.3d 339 (5th Cir. 2006).

## IV.   ANALYSIS

The Court finds that no genuine issue of material fact exists as to Lillie's claims against the City under section 1983. Generally, "[m]unicipal liability under section 1983 requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (quoting *Monell v. Dep't. of Social Services*, 436 U.S. 658, 694 (1978)). Requiring satisfaction of each of these elements is "necessary to distinguish individual violations perpetrated by local government employees from those that can be fairly identified as actions of the government itself." *Id*.

Lillie pursues her section 1983 claims under three theories of liability: the failure to train, the failure to supervise, and the failure to adopt an appropriate policy regarding video and audio recording. (Dkt. 66 at p. 4). Assuming, *arguendo*, that Lillie is able to demonstrate a genuine issue as to all other elements of *Monell* liability, the Court finds that

no genuine issue exists as to causation. Accordingly, the Court must grant summary judgment on Lillie's claims in the City's favor.

To yield municipal liability under section 1983, an official policy must have been the "moving force" behind the plaintiff's constitutional violation. *Piotrowski*, 237 F. 3d at 580 (quoting *Monell*, 436 U.S. at 694). In other words, a plaintiff "must show direct causation, i.e., that there was 'a direct causal link' between the policy and the violation." *James v. Harris Cty.*, 577 F.3d 612, 617 (5th Cir. 2009) (quoting *Piotrowski*, 237 F.3d at 580). Ultimately, the direct causal connection between the policy and the alleged constitutional deprivation "must be more than a mere 'but for' coupling between cause and effect." *Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 310 (5th Cir. 2004) (quoting *Fraire v. City of Arlington*, 957 F.2d 1268, 1281 (5th Cir. 1992)); *see also City of Canton v. Harris*, 489 U.S. 378, 391 (1989) ("must be closely related to the ultimate injury" and have "actually caused" the constitutional violation complained of).

Here, Lillie argues, "if an officer with minimal training and experience is left completely to their own devices, with no supervision or policy-based form of accountability, those intentional blind spots will inevitably lead to overreach, abuse, oppression, and, in this case, criminal activity." (Dkt. 66 at p. 7). This argument, of course, is not particular to the alleged failures or harms in this matter and is insufficient to support *Monell* liability.

5 / 7

Lillie continues, "if Ruiz had a supervisor that checked in with him, and statutorily acceptable and enforced protocols for using his body-worn microphone, he would never have had the opportunity to commit these sexual assaults in the first place." *Id*. This argument sounds much like 'but-for' causation, which the Fifth Circuit has already foreclosed in this context. *See Johnson*, 379 F.3d at 310.

These are Lillie's only arguments on causation. *See* (Dkt. 66, 71). Lillie has not presented any summary judgment evidence that would place at issue whether the City's alleged failure to require officers to use body-worn cameras is "affirmatively linked" to Ruiz's sexually assaulting Lillie. *See Fraire*, 957 F.2d at 1282. Neither is there any evidence that the City's alleged failure to train or supervise Ruiz "actually caused" Ruiz to sexually assault Lillie. *See Harris*, 489 U.S. at 391. The Court finds that the relationship between the City's failures and Ruiz's violation of Lillie's constitutional rights is too attenuated to create a fact question on *Monell* liability.[1]

Ruiz acted heinously when abusing his position of power to criminally assault Lillie, and the Court is highly sympathetic to the effects this incident has, and will continue to have, on Lillie. Still, the law does not support imposing liability under section 1983 on the City for Ruiz's criminal conduct. Accordingly, there is no genuine issue as to Lillie's section 1983 claims against the City, and her claims must be dismissed.

---

[1] Again, the Court is assuming *arguendo* that Lillie can create a fact issue as to the other *Monell* elements. The Court refuses to and need not determine whether the alleged failures constitute an official policy, whether Ruiz's actions violated Lillie's constitutional rights, or any other element of Lillie's *Monell* claim. It fails regardless.

## V.    CONCLUSION

The Court **GRANTS** the City's Motion for Summary Judgment (Dkt. 66). Lillie's claims against the City are **DISMISSED with PREJUDICE**.

SIGNED at Houston, Texas on March 16, 2026.

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE